GEORGE H. STARR & another *vs.* ALEXANDER McEWAN & others.

Cumberland. Opinion April 16, 1879.

*Will. Construction.*

A testator, after providing for the payment of his debts, and funeral charges, gave all his estate, real, personal, and mixed, to his wife, " to her use during her natural life," and the remainder, after termination of his wife's life estate, to his brother, and appointed his executor: *Held,* that the widow is entitled to the possession, management and control of all that remains of the estate, personal as well as real, after payment of debts, funeral expenses, and costs of administration ; and that it is the duty of the executor to deliver the same to her, after which he has no concern with it.

BILL IN EQUITY, brought under the provisions of R. S., c. 77, § 5, to obtain a construction of the will of Thomas McEwan, late of Portland, deceased, dated June 4, 1870.

The case is fully stated in the opinion.

*A. A. Strout & G. F. Holmes*, for the plaintiffs.

*A. F. Moulton*, guardian *ad litem*, for the defendants.

WALTON, J. Thomas McEwan, by his last will and testament, after providing for the payment of his debts and funeral expenses, gave all his estate, real, personal, and mixed, wherever and however situated, to his wife, " to her use during her natural life," and the remainder, after the termination of his wife's life estate, to his brother; and appointed George H. Starr his executor.

The executor says he is in doubt whether he ought to pay over to the testator's widow the personal estate remaining after payment of the debts, funeral expenses, and costs of administration, or whether he should hold it as a trustee under the will, paying her the income only; and if the latter, whether he is authorized to pay the expense of managing the estate, including repairs, taxes and insurance, out of the principal, or whether it must come out of the income; and he asks the direction of the court. And the widow, being doubtful of her rights, has joined the executor in asking for a construction of the will.

It is the opinion of the court that the widow will be entitled to the possession, management, and control of all that shall remain of the estate, personal as well as real, after payment of the debts, funeral expenses, and costs of administration; and that it will be the duty of the executor to deliver the same to her, after which he will have no further concern with it. It will then be the duty of the widow to pay the taxes, and insurance money, if insurance is procured, and to keep the property in suitable repair; and if she shall fail to do so, it will be a matter between her and the remainder-man, and not between her and the executor. *Warren* v. *Webb*, 68 Maine, 133. *Martin* v. *Eaton*, 57 N. H. 154.

*Decree accordingly, with costs to be paid out of the estate.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.